UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
<u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No.: 5:20-cr-00291-LSC-SGC** |
| ) | |
| **CHRISTIE ROLLINS,** ) | |
|     **Defendant.** ) | |

<u>**MOTION FOR ORDER OF FORFEITURE**</u>

Comes now the United States of America, and moves this Court for entry of an Order of Forfeiture in the above-styled case. As grounds therefore, the Government states as follows:

1. In the Notice of Forfeiture included in the Superseding Indictment in this case, the United States sought forfeiture of any property of Defendant CHRISTIE ROLLINS, pursuant to 18 U.S.C. § 982(a)(7)**,** constituting or derived from proceeds traceable to the conspiracy to commit health care fraud offense charged in Count Five in violation of 18 U.S.C. § 1349. The Notice of Forfeiture also informed Defendant of the Government's intention to seek forfeiture of substitute assets in the event the directly forfeitable property was unavailable. [Doc. 84.]

2. On February 1, 2022, Defendant CHRISTIE ROLLINS entered a formal plea of guilty to Count Five. [Minute Entry 02/01/22.] In the plea agreement,

1

Defendant agreed that the Court could enter an order of forfeiture against her in the amount of **$264,071.69**. [Doc. 122 at 1.]

3. The Court's authority to order forfeiture of property for health-care-fraud offenses and conspiracies is found in 18 U.S.C. § 982(a)(7), which provides that a court, in imposing a sentence on a person convicted of a Federal health care offense, shall order the criminal forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. 18 U.S.C. § 24(a)(1) defines the term "Federal health care offense" as a violation of or conspiracy to violate 18 U.S.C. § 1349.

4. Based upon the guilty plea entered by Defendant CHRISTIE ROLLINS and Defendant's consent to the entry of an order of forfeiture in the amount of **$264,071.69**, the Attorney General is now entitled to possession of **$264,071.69,** pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

5. The United States has not, as of this date, identified specific property of Defendant that could feasibly be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). In the event the United States identifies property of the Defendant in the future that could be forfeited as a substitute asset in full or partial satisfaction of the money judgment, the United States will promptly petition the Court for such forfeiture pursuant to 21 U.S.C. § 853(p).

Accordingly, the United States respectfully requests that this Court enter a final order of forfeiture against Defendant in the amount of **$264,071.69**. A proposed final order is submitted herewith for the Court's review.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Respectfully submitted this 1st day of March 2023.

                    PRIM F. ESCALONA
                    United States Attorney

                    *s/Austin D. Shutt*
                    Austin D. Shutt
                    Assistant United States Attorney
                    1801 Fourth Avenue North
                    Birmingham, AL 35203
                    (205) 244-2001
                    Austin.Shutt@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 1st day of March 2023, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

*s/Austin D. Shutt*
Austin D. Shutt
Assistant United States Attorney